DEARBORN FIRE FIGHTERS ASSOCIATION, LOCAL
NO. 412, *v.* HERDZIK.

1. MUNICIPAL CORPORATIONS—SCHEDULE OF HOURS FOR FIREMEN IN
   PAID FIRE DEPARTMENT—STATUTES.
   Statute requiring that firemen in paid fire departments be off
   duty 24 consecutive hours in every 48-hour period, which was
   enacted and has become effective after leave to appeal had
   been granted defendant municipal authorities seeking to im-
   pose schedule for firemen in their paid fire department of 12
   hours on duty and 12 hours off duty each day, *held,* controlling
   and to have rendered controversy moot (1 Comp. Laws 1929,
   § 2725, as amended by Act No. 335, Pub. Acts 1947).

2. COSTS—PUBLIC QUESTION—SCHEDULE OF HOURS FOR FIREMEN IN
   PAID FIRE DEPARTMENT.
   No costs are allowed in suit to determine validity of proposed
   schedule of hours on and off duty of firemen in paid fire de-
   partment of defendant city, since suit involved a public ques-
   tion (1 Comp. Laws 1929, § 2725, as amended by Act No. 335,
   Pub. Acts 1947).

Appeal from Wayne; Chenot (James E.); J.
Submitted June 5, 1947. (Docket No. 39, Calendar
No. 43,744.) Decided December 3, 1947.

Bill by Dearborn Fire Fighters Association, Local
No. 412, and others against Stanley Herdzik, Dear-
born Fire Chief, and others to enjoin enforcement
of order changing working hours of firemen. Mo-
tion to dismiss denied. Defendants appeal. Pro-
ceedings in both courts dismissed.

*Edward N. Barnard,* for plaintiffs.

*Dale H. Fillmore,* Corporation Counsel, *Joel K. Underwood,* Deputy Corporation Counsel, and *Frank C. McCann* and *Lionel R. Hampton,* Assistant Corporation Counsel, for defendants.

North, J. The city of Dearborn maintains a paid fire department. At the time the bill of complaint herein was filed the chief of the Dearborn fire department was about to put into effect a schedule of working hours which would have required Dearborn firemen to be on duty 12 hours continuously in each 24 hours and off duty 12 hours in each 24 hours, with provisions for certain additional time off duty. A temporary restraining order issued upon the filing of the bill of complaint enjoined defendants from putting into effect the proposed schedule, and a show cause order issued as to why a temporary injunction to the same effect should not be granted. Thereupon defendants made a motion to dismiss the bill of complaint. The show cause order and the motion to dismiss were heard simultaneously. The motion to dismiss was denied and the temporary injunction allowed. Leave having been obtained, defendants have appealed.

Since this appeal was taken a statute has been enacted in this State which, so far as here material, provides:

"Sec. 1. It shall be unlawful for any municipality, or any officer or employee thereof, in municipalities which maintain or may hereafter maintain an organized paid or part paid fire department, to require any person in the employ of the fire department of such municipality who is engaged in fire fighting or subject to the hazards thereof to be on duty in such employment more than 24 hours, or to be off duty less than 24 consecutive hours out of any 48 hour period: Provided, That all persons in the em-

ploy of any organized paid or part paid fire department who are engaged in fire fighting or subject to the hazards thereof shall be entitled to an additional 24 consecutive hours off duty in every 16 day period, thereby requiring firemen to work not more than an average of 73½ hours per week." 1 Comp. Laws 1929, § 2725, as amended by Act No. 335, Pub. Acts 1947 (Stat. Ann. 1947 Cum. Supp. § 5.3331).

The statute is now in effect. It controls and renders the controversy in the instant case moot. Since this suit as brought to this Court involved a public question, no costs would be allowed regardless of which party prevailed. In view of the foregoing, the proceedings in both courts are dismissed, without costs.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.